Milligan, J.,
delivered the opinion of the Court.
This suit was commenced before a Justice of the Peace, to recover damages, for a fraud in the sale of a horse. The ground of the action is, that the plaintiff in error falsely represented the horse to be a good work horse. The case was taken, by appeal, to the Circuit Court, when, after a trial was had, there was *133 a verdict and judgment against plaintiff in error, and an appeal is prosecuted to this Court.
It appears, from the proof of the witnesses, who were present at the contract, that the price of the horse agreed upon, was one hundred and fifteen dollars; and the plaintiff in error told the defendant “that the mare worked well, as far as he had tried her, which was on the off-side the double plow and wagon, and in explanation of his habit of working her at the off side, that she was tender-mouthed.” This is all the testimony, for our present purposes, necessary to be noticed.
The Circuit Judge charged the jury: “If the defendant, at the time of sale, represented the mare to be a good work horse, and the plaintiff, acting on this assurance, purchased the mare, and she proved not to be a good work horse, the plaintiff would be entitled to a verdict in damages.”
The only question presented for our determination is, was the instruction correct ? We think not. The charge is not specific enough, and calculated to mislead the jury. The ground of the action is fraud, and not deceit. There is a distinction. A false assertion, whether the falsehood was known or unknown to the asserter, made in some dealings, and calculated to occasion, and occasioning injury to another, is a deceit, in law. When the falsehood of the asserter is known to the as-serter, it is a fraud: Paisly vs. Freeman, 3 T. R., 51-2; Smith’s Leading Cases, 46, in Law Library. But, without knowledge, or the presence of such facts or circumstances, as are calculated to create a reasonable and *134 well grounded belief that the representations were false, there can be no fraud. To hold otherwise, would be to deny to the vendor, the right in good faith, to make, truthfully, such representations of the character or habits of the thing sold, without liability.
But, in thus stating the law, we do not intend thereby to weaken the cases of Baker vs. Seahorn, 1 Swan, 54; G-eorge vs. Johnson, 6 Hum., 36, and others, heretofore announced, in this State. Every representation of the thing sold must be bona fide,, and without the suppression of truth, or the suggestion of a falsehood. In either case, the seller would be liable. But if the representation contains the whole truth, nothing more and nothing less, no liability will attach; as, in such cases, the buyer is bound to take notice of such representations as are truthfully made to him.
The judgment will be reversed, and a new trial awarded.